## Hays's Estate.

*Wills—Construction—Life estate—Power to sell stocks—Trusts and trustees.*

Testator gave to his wife the residue of his estate for life, and authorized her to sell certain shares of stock specifically described, and to dispose of the proceeds thereof as she might desire. After the death of the wife, appraisers chosen by his two daughters were to divide all of his estate "which there shall then be in two equal parts," and allot one share to each daughter, which shares the daughters were to hold for life, subject, however, to coverture and spendthrift trusts, with power of appointment to their children, with remainder over in case of death without children to the survivor, for life, and in case of death of the survivor without children to the persons entitled under the intestate laws. Testator further provided that after his widow's death either of the daughters might exercise the same power of sale as given to the widow "as to any of said property left to her share; and may in the same manner receive and dispose of the proceeds thereof." The widow died without having sold the shares of stock. No division of the estate was made or demanded between the two daughters, and one of the daughters died after the mother's death without having exercised a power of sale. *Held*, that the executor of the deceased daughter took no title or interest in the shares of stock, inasmuch as the deceased daughter had no interest in them, but only in their proceeds, if she had chosen to exercise her option to sell.

Argued Oct. 18, 1911. Appeal, No. 86, Oct. T., 1911, by Andrew J. Kelly, Jr., et al., Executors of the Estate of Annie H. Byers, from decree of O. C. Allegheny Co., March T., 1910, No. 180, dismissing bill of review in Estate of Richard Hays, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill for review of decree of distribution.

OVER, J., filed the following opinion:

This is a bill of review filed by the executors of the will of Annie H. Byers, deceased, who died March 29, 1910, without issue, for a review of the decree of distribution

made March 30, 1910, in the estate of Richard Hays, deceased, who died October 2, 1877, leaving to survive him a widow and two daughters, Jennie W., who now survives, and Annie H., the latter's executors being the petitioners here. In that decree 444 shares of the Pittsburg & Lake Erie Angeline Iron Company and 829 shares of stock in the Iron Mountain Mining Company were distributed to the Fidelity Title & Trust Company, which had been appointed in the widow's lifetime trustee to hold the estate. The petition alleges that one-half of this stock should have been distributed to Mrs. Byers' executors, and prays that the decree be amended by so distributing them. In the will of Richard Hays, he gave to his wife, who survived him, and who died December 30, 1909, a life interest in his estate with power to sell and dispose of the proceeds of a specified portion of it, including these stocks, and in the eighth paragraph provided as follows:

"VIII. I do hereby fully authorize and empower my wife Margaret to sell, in fee simple, at public or private sale, in such manner, at such time or times, and on such terms as she shall think proper the following portions of my property, real and personal:

"All my real estate situate in the 22d Ward of the City of Pittsburg, in the State of Pennsylvania, being the undivided one-half of about 51.52 acres.

"All my real estate situate in the Township of Forward, in the County of Allegheny and State of Pennsylvania.

"All my real estate situate in the Counties of Hancock, Hamilton and Wright, in the State of Iowa.

"All my real estate situate in Osage, in the County of Mitchell, in the State of Iowa.

"All my real estate situate in the County of Marathon, in the State of Wisconsin.

"400 shares of stock in the Pittsburg and Lake Erie Angeline Iron Company, of the State of Michigan.

"829 shares of stock in the Iron Mountain Mining Company, of the State of Michigan.

"My wife shall receive the proceeds and purchase

money thereof, and shall dispose of the same in such manner as she shall see proper, I hereby giving her the absolute right of disposal over the same or any part thereof which she may receive. This power of sale shall not survive my wife except that should she fail to exercise it as to the whole or any portion of said property specified, then and in that case, after her death, either of my said daughters may exercise the same as to any of said property left to her share, and may in the same manner receive and dispose of the proceeds thereof."

In the third paragraph he directed that upon the death of his widow, appraisers chosen by his two daughters, Jennie W. and Annie M., should divide all his estate "which there shall then be in two equal parts," and allot one share to each, gave them a life estate therein, subject, however, to both coverture and spendthrift trusts, with power of appointment to their children, with remainder over in case of death without children to the survivor, for life, and in case of her death without children then to pass under the intestate laws.

The widow died without having exercised the power of sale as to these stocks. No demand was ever made by either of the daughters for a division of the estate. No allotment was made to them. Mrs. Byers died without exercising her power of sale, and the stocks were in the possession, at her death, of the trustee. They were part of testator's estate which he had directed at his wife's death should be divided into two equal parts and one allotted to each of his two daughters, and by the fourth clause of the will they only had a life estate in the parts to be allotted, subject to both coverture and spendthrift trusts. Each of them, however, had the option to take such of the stocks as should be allotted to them out of the trust by exercising the power of sale given to them in the eighth clause. It was necessary that an allotment should be made before the power could be exercised, and until made their interests in the stocks were joint, and neither of them could exercise the power until the interests were

severed, so that Mrs. Byers could not in her lifetime have exercised the power of sale. There is no gift of these stocks to the daughters. They only have a power of sale which when exercised vested the proceeds of the sale in them. As to the widow, that power was to be exercised by her in her lifetime, and it seems it was the testator's intention to so limit it as to his daughters. He says, "after her death, either of my said daughters may exercise the same as to any of the property allotted to her share, and may in the same manner receive and dispose of the proceeds thereof." The widow could only sell and receive the proceeds during her lifetime, and as the word "manner" is one of large signification, Wells v. Bain, 75 Pa. 39, it seems the testator intended that if his daughters did not exercise the power of sale in their lifetime, that the stock should remain in and be part of the trust estate.

Our conclusion then is, that as none of these stocks were allotted to Mrs. Byers and she did not exercise her power of sale, that title to no part of them vested in her at her death, and the petition is therefore dismissed.

*Error assigned* was decree dismissing the bill.

*John S. Ferguson*, with him *A. M. Imbrie*, for appellants.—Taking the whole will together, it would appear that the testator had in mind that his widow should be the first and chief object of his bounty and have the entire benefit of his estate during her natural life with the absolute power of disposal of that portion which is set forth in the eighth paragraph of the will and in case any part of that was not disposed of, then his two daughters should have the right to sell and convert to their own use what remained, and the terms of the will are so broad with reference to the daughters that it vested in them an absolute estate: Nieman's Est., 229 Pa. 41; Hoxie v. Chamberlain, 228 Pa. 31.

*D. T. Watson*, with him *Patterson, Sterrett & Acheson* and *Dalzell, Fisher & Hawkins*, for appellees.—The

daughters had no absolute title to the mining stocks: Hoxie v. Chamberlain, 228 Pa. 31; Girard Life Ins. & Trust Co. v. Chambers, 46 Pa. 485; Gross v. Strominger, 178 Pa. 64.

The right of Mrs. Byers was personal and died with her: Crozier's App., 90 Pa. 384; Anderson's Estate, 185 Pa. 174; Davies v. Murbach, 17 Pa. Superior Ct. 207; Kerns' App., 120 Pa. 523; Geist's Est., 193 Pa. 398; Youghiogheny River Coal Co. v. Pierce, 153 Pa. 74; La Bar's Est., 181 Pa. 1; Lejee's Est., 181 Pa. 416; Tyson's Est., 191 Pa. 218; Dennison v. Nigh, 2 Watts, 90; Hartman v. Dowdel, 1 Rawle, 279.

PER CURIAM, January 2, 1912:

The decree of the orphans' court is affirmed on the opinion of Judge OVER.